UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROMMEL LEWIS,
KEISHA KNIGHT-LILLY,

        Plaintiffs,

                                                  21-CV-6738-FPG
v.                                           ORDER

MATTHEW THOMS, Superintendent Security Five Points Correctional Facility; AMY LAMANNA, Superintendent Five Points Correctional Facility; DONALD UHLER, Superintendent Upstate Correctional Facility,

        Defendants.
_____

        *Pro se* Plaintiff Rommel Lewis ("Lewis") is currently incarcerated at Upstate Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Lewis and *pro se* Plaintiff Keisha Knight-Lilly ("Knight-Lilly") (collectively, "Plaintiffs") initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated their First, Fifth, Eighth, and Fourteenth Amendment rights by indefinitely suspending Knight-Lilly's visitation privileges. ECF No. 1. Each Plaintiff paid the $402.00 filing and administrative fee.

        Because Lewis is a prisoner, the Court screened the Complaint under 28 U.S.C. § 1915A(a) and permitted the claim asserting that the indefinite suspension of Knight-Lilly's visitation privileges violates Plaintiffs' right of association, grounded in the First Amendment and/or Fourteenth Amendment, to proceed to service upon the above-named Defendants to the extent the claim asserts retrospective relief against those Defendants in their individual capacities. ECF No.

24 at 35.  The Clerk of Court issued summonses for Donald Uhler, Matthew Thoms, and Amy Lamanna and sent them to Plaintiffs, and the Court apprised Plaintiffs that they could request service of process by the United States Marshals Service ("USMS").  *Id.* at 36.

Lewis filed a motion for service by USMS on January 26, 2023, ECF No. 25, which the Court granted on January 31, 2023, ECF No. 26.  The Court sent to both Plaintiffs a copy of the order and written instructions for obtaining personal service by USMS.  The Court further noted: "Plaintiff is not responsible for effecting personal service of the summonses previously issued to Plaintiff on January 25, 2023.  The summonses were issued by the Clerk of Court before the Court received Plaintiff's timely request for personal service.  Plaintiff may, if he wishes, use the summonses when completing the written instructions outlined in 'Attachment 1.'" *Id.* at 2.

There is no indication on the docket that Plaintiff followed the Instructions for Service by the USMS attached to the Order, which directed Plaintiff to assemble service packets and copies, pre-pay the cost of mailing, and mail the service packets, copies, and payment to the address provided. ECF No. 26-1.  There is also no indication on the docket that Defendants have otherwise been served.

When a plaintiff fails to prosecute his or her case for more than six months, Rule 41(b) grants the Court the power to order the plaintiff to demonstrate why the case should not be dismissed.  Fed. R. Civ. P. 41(b); see also L. R. Civ. P. 41(b).  By not effecting service, either on their own or by sending service packets to the USMS, Plaintiffs have failed to prosecute this case for more than six months.  For that reason, Plaintiffs are hereby ordered to show cause, in writing by **30 days from entry of this Order**, why this case should not be dismissed for their failure to prosecute pursuant to Rule 41(b).  Failure to comply with this Order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: October 18, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York

3